STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail:  sforman@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant,
        LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAAN FAIEZ by and through his Guardian ad Litem, PARWIEZ FAIEZ<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC DOES 1 TO 5<br><br>Defendants. | Case No.:<br>[*Contra Costa Superior Court Case No.: CIVMSC21-00131*]<br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**<br><br>Complaint Filed:  January 27, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Contra Costa, to the United States District Court – Northern District of California.  The removal is based, specifically, on the following grounds:

///
///
///
///
///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## JURISDICTION AND VENUE ARE PROPER

1.     This is a civil action over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.     Venue is proper in this Court under 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.     On January 27, 2021, Plaintiff, ARMAAN FAIEZ ("Plaintiff"), by and through his Guardian Ad Litem, PARWIEZ FAIEZ, commenced the above-entitled civil action in the Superior Court for the County of Contra Costa by filing a Complaint entitled *Armaan Faiez by and through his Guardian ad Litem, Parwiez Faiez v. Lowe's Home Centers, LLC,* Case No. C21-00131.  True and correct copies of the Summons, Complaint, Application and Order For Appointment of Guardian Ad Litem – Civil, Notice of Case Management Conference, and Unlimited Jurisdiction Civil Action Package filed in this matter are attached and incorporated by reference collectively as **Exhibit "A."**

4.     On February 8, 2021, the Summons, Complaint and associated documents comprising **Exhibit "A"** were personally served on LOWE'S HOME CENTERS, LLC, through its agent for service of process.

5.     On February 26, 2021, LOWE'S HOME CENTERS, LLC filed its Answer to Complaint, Demand for Jury Trial, and Stipulation to Strike Count From Complaint and [Proposed] Order. True and correct copies of LOWE'S HOME CENTERS, LLC's Answer to Complaint, Demand for Jury Trial, and Stipulation to Strike Count From Complaint and [Proposed] Order are collectively attached and incorporated by reference as **Exhibit "B."**

///

6.     The attached exhibits constitute all process, pleadings and orders served upon Defendant in this matter.

## DIVERSITY

### A.     Citizenship

7.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendant under 28 U.S.C. section 1441(b), as the action is between citizens of different states.

8.     Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is a citizen of the State of California.

9.     Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc.  Lowe's Companies, Inc., is a publicly traded North Carolina corporation with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

10.     Complete diversity of citizenship exists as between Plaintiff ARMAAN FAIEZ by and through his Guardian Ad Litem, Parwiez Faiez and Defendant LOWE'S HOME CENTERS, LLC.

### B.     Fictitious Does

11.     Defendants DOES 1 to 5, are wholly fictitious.  The Complaint does not set forth the identity, citizenship, or status of any said fictitious defendants.   In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

2

3

4

disregarded.  28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

5

## AMOUNT IN CONTROVERSY

6

7

8

9

10

11

12

13

12.    Plaintiff's Complaint sets forth a cause of action for premises liability sounding in negligence.  *See,* **Exhibit "A."**  Plaintiff ARMAAN FAIEZ, by and through his Guardian Ad Litem, Parwiez Faiez alleges that on March 25, 2018, while shopping with his parents at defendant's retail store,  a Lowe's employee walked out of an aisle carrying a 6-foot umbrella pole and struck Plaintiff across the face. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

14

15

16

17

18

19

20

21

22

23

24

25

26

13.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.").  This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages."  *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). ///

27

28

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

14.    A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum.  A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover.  *McPhail*, 529 F.3d at 954-55.  "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

15.    On March 23, 2021, Plaintiff served Defendant with a Statement of Damages under California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached and incorporated by reference as **Exhibit "C."**

16. Plaintiff's Statement of Damages states that he is seeking at least $300,000 in general damages. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

17.    28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California *Code of Civil Procedure* section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

18. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

19. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## **TIMELINESS OF REMOVAL**

20. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Statement of Damages on March 23, 2021, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

21. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed his Complaint on January 27, 2021.

///
///
///
///
///
///
///
///
///
///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

22.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  April 15, 2021                                      THARPE & HOWELL, LLP


By: _____
                                      STEPHANIE FORMAN
                                      ANDREA BREUER
                                      Attorneys for Defendant,
                                      LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Nick Casper, Esq.<br>CASPER, MEADOWS, SCHWARTZ & COOK<br>2121 N. California Blvd., Suite 1020<br>Walnut Creek, CA  94596<br>Tel: (925) 947-1147<br>Fax: (925) 947-1131<br>Email: ncasper@cmslaw.com | Attorneys for Plaintiff, ARMAAN FAIEZ by and through his Guardian ad Litem, PARWIEZ FAIEZ |

5.  a.  **X**  **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Fed.R.Civ.P.Rule 5, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.  I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

4/15/2021     Belinda A. Porras     *Belinda A. Porras*
DATE     (TYPE OR PRINT NAME)     (SIGNATURE OF DECLARANT)

I:\31000-000\31982\Pleadings\FEDERAL\Notice of Removal.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**